**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Court File No. 00-1464 RHK/AJB**

**TRI, Inc.,**

**Plaintiff,**

**vs.**

**Boise Cascade Office Products, Inc. and Honeywell, Inc.,**

**Defendants.**

**ORDER REGARDING ACCESS TO CONFIDENTIAL INFORMATION**

Based upon a review of the record, Stipulation for Order Regarding Access to Confidential Information and agreement of the parties, the following terms set forth are adopted as an Order of this Court.

1. When used in this Order, the words "documents" and "document" mean any written, recorded, or graphic matter whatsoever, including, but not limited to, interrogatory answers; responses to requests for admissions; documents produced by any party or nonparty, whether pursuant to disclosures, discovery responses, subpoena, or by agreement; deposition transcripts and exhibits thereto; and any portions of any court papers which quote from or summarize any of the foregoing.

2. Any party or nonparty producing documents in this action which contain or disclose proprietary or commercially sensitive information of a nonpublic nature may designate such information as confidential by stamping each page that contains such information with the notice "CONFIDENTIAL" prior to its production.

DEC 26 2000

3. Any party or nonparty giving deposition testimony in this action may designate as "CONFIDENTIAL" that portion of the testimony deemed to be confidential by so indicating on the record at the time of such testimony or by designating in writing, within 20 days after receipt of the transcript of such testimony, the specific pages and lines of the transcript that are confidential. The court reporter shall separately bind those portions of the testimony so designated, shall mark the face of such portions of the transcript accordingly, and, if the transcript is required to be filed with the court, shall file the confidential portions of the transcript under seal.

4. All information designated as "CONFIDENTIAL" hereunder shall be used solely for the prosecution or defense of this action.

5. Confidential information may be used for any purpose in this action, including interrogatory answers, motions, and briefs, and may be used in depositions and marked as deposition exhibits, so long as any such use is consistent with the limitations on disclosure reflected herein. However, no such information shall be filed or lodged with the court unless it, or the portion of the court paper where it is revealed, is appropriately marked and filed or lodged under seal with the clerk. For the convenience of the parties, the clerk, and the court, any pleading that contains both confidential and nonconfidential material may be filed entirely under seal.

6. Except with the prior written consent of the party or nonparty asserting confidential treatment, no information designated as "CONFIDENTIAL" may be disclosed to any person other than:

(a) the individual parties and their employees, officers, directors, and agents provided that each party, employee, officer, director, and agent to whom confidential documents

or information have been, are being, or will be disclosed are informed of the provisions and restrictions of this Protective Order and they must execute a copy of Exhibit A hereto;

(b) counsel for the parties in this action;

(c) secretaries, legal assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

(d) consultants and experts retained for the purposes of assisting in the preparation of this action, but only upon the following terms and conditions:

(i) The consultant or expert has a bona fide need for the confidential information in order to perform his or her duties;

(ii) Before making disclosure of confidential information to these individuals, they must execute a copy of Exhibit A hereto; and

(iii) If the court requires that the identity of outside experts and consultants be disclosed, a copy of each Exhibit A executed by such persons shall be furnished to the opposing party upon request. If the identity of the outside experts and/or consultants is not disclosed, pursuant to Rule 26(b)(4)(B), then the Exhibit A executed by each such individual shall be filed with the court under seal;

(e) the court and all necessary court personnel; and

(f) (other than individuals already identified above) persons subpoenaed or noticed for depositions or formally designated as trial witnesses in this action and their counsel to the extent necessary for the witness's preparation for testimony, but only upon the following terms and conditions:

(i) The names of all such persons to whom a party intends to disclose documents designated as "CONFIDENTIAL," or any information contained therein or obtained

therefrom, shall be supplied by counsel by written notice in advance to opposing counsel, and the latter shall have seven calendar days from the receipt of such notice in which to file a motion with the court for an order preventing or limiting disclosure. No disclosure shall be made during the seven-day period or, in the event of a motion to prevent or limit disclosures, until the court issues a ruling permitting disclosure; and

(ii) Before making disclosure of confidential information to these individuals, they must execute a copy of Exhibit A hereto.

7. Notwithstanding the foregoing, the restrictions of this order shall not apply to any party or nonparty or its employees, attorneys, outside experts or consultants, or other authorized agent with respect to their own confidential documents.

8. Any references to confidential information in any court proceedings in this case shall be made only in such fashion as to preserve the confidentiality of the information and pursuant to procedures to be established by the court.

9. Confidential information produced by parties or nonparties, excluding deposition transcripts and court papers, and all copies thereof (other than exhibits of record) shall be destroyed or returned to the party or person producing such records when this action is concluded. All notes, drafts, memoranda, work papers, and other material, or portions thereof, that contain confidential information obtained from the opposing party (whether prepared or held by the obtaining party, its counsel, its outside expert or consultant, or any other person) shall be destroyed at the conclusion of this action. Compliance with this paragraph shall be confirmed in writing by counsel for the obtaining party upon request of the producing party.

10. The inadvertent or unintentional disclosure of confidential information shall not be construed to be a waiver, in whole or in part, of:

(a) the supplying party's claims of confidentiality, either as to the specific information disclosed or as to any other information relating thereto; and

(b) the obtaining party's claims of confidentiality for its information pursuant to this order.

11. A breach of the provisions of this protective Order may be subject to sanctions, in the discretion of the court, as within or authorized by any statute, rule, or inherent power of the court, or as otherwise provided by law.

12. The provisions of this order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

13. The parties' consent to this order does not constitute an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case. Designation of any information as "CONFIDENTIAL" and subject to this order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party thereto.

14. This court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation), to construe, enforce, and amend the provisions of this order.

15. Nothing in this order shall prevent any party or nonparty to this action from seeking modification of this order or from objecting to discovery which it believes to be otherwise improper.

DATED: 12/26, 2000

Arthur J. Boylan
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Court File No. 00-1464 RHK/AJB**

**TRI, Inc.,**

**Plaintiff,**

**vs.**

**Boise Cascade Office Products, Inc. and Honeywell, Inc.,**

**Defendants.**

**CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT**

I, ________________________________, being first duly sworn, depose and say:

1. I have been advised by counsel for ______________________ of the terms of the Order Regarding Access to Confidential Information ("Order"), entered by the court in this case on ____________________, 2000.

2. I have reviewed the contents of that Order and have received a copy of it from counsel for _________________________.

3. I agree to be bound by all of the terms of that Order regarding the restrictions on access to and permitted use of confidential information.

4. I agree to subject myself to the personal jurisdiction of this court, both during the term of this litigation and thereafter regarding any charge of disclosure by me of confidential information which may be brought against me.

5. In the event of any breach by me of the Order, I understand that Boise Cascade Corporation, Honeywell, Inc. and/or TRI, Inc. may seek to hold me personally liable for damages caused by that breach.

**EXHIBIT A**

Dated this ____ day of ________________ 2000.

______________________________
(Signature)

______________________________
(Printed Name)

______________________________

______________________________
(Address)

Subscribed and Sworn
to Before Me this ___
day of __________, 2000.

________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.