UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TRI, Inc.,

Plaintiff,

v.

Boise Cascade Office Products, Inc.,
and Honeywell, Inc.,

Defendants.

Civ. No. 00-1464 (RHK/AJB)
**MEMORANDUM OPINION AND ORDER**

---

William Mavity and Pamela Marie Miller, Mavity & Associates, Minneapolis, Minnesota, for Plaintiff.

John Harper III, and Terrance J. Wagener, Krass Monroe P.A., Bloomington, Minnesota for Defendant Boise Cascade Office Products, Inc.

Robert Reinhart and Michael Iwan, Dorsey & Whitney LLP, Minneapolis, Minnesota, for Defendant Honeywell, Inc.

---

Before the Court is Defendant Boise Cascade Office Products' ("Boise") Motion for Sanctions against Plaintiff TRI, Inc. ("TRI") and its counsel under Rule 11 of the Federal Rules of Civil Procedure. Also before the Court is Defendant Honeywell, Inc's ("Honeywell") Motion for Sanctions, Attorneys' Fees and Costs. On October 15, 2001, the Court entered a Memorandum Opinion and Order granting Boise's and Honeywell's motions for summary judgment and dismissing TRI's Complaint in its entirety. TRI has



FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

appealed from that judgment to the Eighth Circuit Court of Appeals.[1] For the reasons set forth below, the Court will deny Boise's and Honeywell's motions for sanctions in their entirety.

## Analysis

### I. Rule 11 Sanctions

Rule 11 of the Federal Rules of Civil Procedure calls for every pleading, written motion, or other paper to be signed by at least one attorney of record or, if the party is not represented, by the party himself or herself. Fed. R. Civ. P. 11(a). The rule continues:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

---

[1] The Court retains jurisdiction over the pending motions for sanctions. See Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998) (holding that where issue of sanctions was not before Court of Appeals when appeal was filed, district court retained jurisdiction), cert. denied, 525 U.S. 1070 (1999); Perkins v. General Motors Corp., 965 F.2d 597, 599 (8th Cir.) (recognizing that sanctions are collateral to the merits of the case and may be considered even after the merits are no longer before the district court), cert. denied, 506 U.S. 1020 (1992).

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b). Boise and Honeywell allege that counsel for TRI violated Rule 11(b)(2) by pleading and later advocating TRI's antitrust claims, claims that they allege were not supported by law. The Defendants also contend that counsel for TRI violated Rule 11(b)(3) by pleading racial discrimination and antitrust claims that had no evidentiary support. Finally, Boise and Honeywell assert that counsel for TRI violated Rule 11(b)(1) by knowingly commencing and advancing an unsubstantiated legal position in order to harass them and extort a settlement.

The issue of Rule 11 sanctions against TRI and its counsel is before the Court on motions brought by Boise and Honeywell. Since 1993, Rule 11 has provided a mandatory "safe harbor" period in connection with sanctions that are initiated by motion. A party intending to move for Rule 11 sanctions must first serve its motion on the opposing party. If, after twenty-one days, "the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected," the party seeking sanctions may then file its motion with the Court. Fed. R. Civ. P. 11(c)(1)(A); see Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1488-89 (8th Cir. 1994). The purpose of

the "safe harbor" period is to give litigants an opportunity to remedy any alleged misconduct before sanctions are imposed. Truesdell v. Southern Calif. Permanente Med. Group, 293 F.3d 1146, 1151 (9th Cir. 2002).

Boise and Honeywell describe in detail several letters their counsel sent to counsel for TRI warning that, if the suit against them were not dismissed, they would seek Rule 11 sanctions. Boise and Honeywell each also filed and served on TRI a Notice of Intent describing, generally, their objections to defending the antitrust and discrimination claims brought by TRI. These Notices of Intent were filed and served more than twenty-one days before the Court issued its Memorandum Opinion and Order granting summary judgment.

Rule 11 clearly states that the motion for Rule 11 sanctions is to be separate from other motions or requests and that service of the motion starts the "safe harbor" clock running. Fed. R. Civ. P. 11(c)(1)(A). This court and others have repeatedly rejected arguments that warning letters and other informal notices trigger the start of the safe harbor period. VanDanacker v. Main Motor Sales Co., 109 F. Supp. 2d 1045, 1054 (D. Minn. 2000) (Doty, J., adopting report and recommendation of Mason, M.J.); see also Harding Univ. v. Consulting Servs. Group, L.P., 48 F. Supp. 2d 765, 770 (N.D. Ill. 1999) (holding that a warning letter does not trigger the twenty-one day safe harbor period and cannot substitute for formal service of the Rule 11 motion); Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 305 (S.D.N.Y. 1997) (holding that a

letter "does not meet the strict procedural requirements of Rule 11"); Photocircuits Corp. v. Marathon Agents, Inc., 162 F.R.D. 449, 452 (E.D.N.Y. 1995) (holding that commencement of 21-day safe harbor period was not triggered by informal notice, either by letter or other means). The requirements for obtaining sanctions are explicitly set out in the text of the rule; given the serious ramifications of an award of sanctions, the party seeking sanctions must comply with those procedural requirements. The correspondence between counsel for Boise and Honeywell and counsel for TRI, however voluminous, and the Notices of Intent do not cure the procedural defect in the Defendants' motions.

Boise and Honeywell apparently simultaneously filed with the Court and served on TRI's counsel their motions for Rule 11 sanctions, doing so approximately thirty days after a final judgment on TRI's complaint had been entered. The "safe harbor"" provisions of Rule 11(c)(1)(A), however, preclude the serving and filing of a Rule 11 motion after conclusion of the case. Fed. R. Civ. P. 11, adv. ctte. note; Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 152 (4th Cir. 2002); Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998); Ridder v. City of Springfield, 109 F.3d 288, 295 (6th Cir. 1997), cert. denied, 522 U.S. 1046 (1998). The Defendants' failure to follow the procedures provided in Rule 11 and their delay in serving the motions until the end of the case require denial of the motions.[2]

---

[2] TRI, in the final sentence of its memorandum in opposition to the Defendants' motions for sanctions, makes a generalized request under Rule 11 for attorneys' fees incurred in responding to the Defendants' motions. That request is also procedurally

## II. Sanctions pursuant to 28 U.S.C. § 1927

Defendant Honeywell has also moved for the imposition of sanctions, costs, and fees under the federal statute imposing liability on counsel for excessive costs. That section provides that

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Sanctions are proper under § 1927 'when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" Lee v. First Lenders Ins. Servs. Inc., 236 F.3d 443, 445 (8th Cir. 2001) (quoting Lee v. L.B. Sales, Inc., 177 F.3d 714, 718 (8th Cir. 1999)).

Honeywell argues that TRI's counsel used "the threat of litigation and an outrageously inflated claim for damages to harass, oppress, and intimidate Defendants." (Honeywell's Mem. Supp. Mot. for Sanctions at 8.) For example, Honeywell complains that TRI's counsel failed to plead an essential element of several causes of action in the complaint. These deficiencies in pleading were not brought to the Court's attention, however, until summary judgment, after discovery had closed. To the extent Honeywell alleges that the deficient pleadings caused it to expend unnecessary resources on

---

deficient, not having been made as a separate motion or served more than twenty-one days before being filed, and will be denied.

discovery, it had available to it an expeditious way to cull out flawed claims -- a motion to dismiss for failure to state a claim under Rule 12(b)(6). Honeywell could have tried to avoid engaging in discovery on these claims, but chose not to bring a prompt motion to dismiss them.

Honeywell also complains that TRI's counsel should have voluntarily dismissed the antitrust, tortious interference with prospective business relationship, and § 1981 claims after failing to develop an adequate factual basis for them during discovery. Having reviewed the record presented on summary judgment regarding those claims -- including TRI's arguments in opposition to summary judgment -- the Court concludes that the conduct of TRI's counsel, viewed objectively, did not manifest either an intentional or a reckless disregard of his duties to the Court. In granting summary judgment, the Court determined that the facts presented in the record, viewed in the light most favorable to TRI and drawing from them permissible inferences, were ultimately insufficient to warrant submitting the claims to the jury. There is no evidence that TRI engaged in abusive litigation tactics, such as discovery abuses or frivolous motion practice, that delayed the progress of the case; nor is there evidence that TRI's counsel made misrepresentations to the court regarding the testimony of witnesses. Compare Perkins, 965 F.2d at 600-01. Counsel for TRI made arguments that were unavailing; the Court cannot find that those arguments were false, objectively unreasonable, or made in bad faith.

As for the claim of business discrimination under the Minnesota Human Rights Act, Minn. Stat. § 363.03, subd. 8a(c), the Court has reviewed TRI's arguments concerning the statute of limitations and concludes that they were not so devoid of basis or so obviously designed for harassment purposes as to render counsel's conduct sanctionable. For the foregoing reasons, the Court will not award sanctions, fees or costs under § 1927.

## Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that

1. Defendant Boise Cascade Office Products, Inc.'s Motion for Sanctions (Doc. No. 39) is **DENIED**; and

2. Defendant Honeywell, Inc.'s Motion for Sanctions, Attorneys' Fees and Costs (Doc. No. 43) is **DENIED**.

Dated: September 20, 2002

RICHARD H. KYLE
United States District Judge